IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE MOORINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DONGBU INSURANCE CO., LTD., <br><br> Defendant. | CIV. NO. 15-00497 BMK <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Cross Motions for Summary Judgment filed by Plaintiff Association of Apartment Owners of the Moorings, Inc. ("the AOAO") (Doc. 15) and Defendant Dongbu Insurance Co., Ltd. ("Dongbu") (Doc. 17). The Court heard these Motions on July 27, 2016. After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court GRANTS summary judgment in favor of the AOAO and against Dongbu.

BACKGROUND

In 2010, Dongbu issued an insurance policy to the AOAO as the named insured. (Defendant Ex. A.) This Policy was renewed annually thereafter with

substantially identical commercial general liability ("CGL") terms through June 30, 2015. (Robert Raben Decl'n ¶ 7; Defendant's Exs. A-E.) Pursuant to the Policy's CGL Coverage Form, Dongbu agreed to provide insurance coverage as follows: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Policy at CGL Coverage Form.) "Bodily injury" and "property damage" are defined in the Policy, but "damages" is not. (Id.)

On April 7, 2014, while the Policy was in effect, Jo-Anne and Brent Braden ("the Bradens"), owners of a residential unit at the Moorings, filed a demand for arbitration against the AOAO. (Raben Decl'n ¶ 5; Arb. Award at 2.) Their principal claim was that the AOAO had failed to repair and maintain their lanai roof, which caused water damage to the interior of their unit. (Arb. Award at 2-4.) They also asserted claims for breach of the AOAO's governing documents and tortious infliction of emotional distress. (Id. at 2.)

On December 16, 2014, the arbitrator issued his decision. The arbitrator found that (1) the Bradens' lanai roof is a common element that the AOAO must maintain, (2) the AOAO failed to properly maintain the Bradens' lanai roof, which was the source of leaks that caused damage to their unit, and (3) the AOAO's failure to address the Bradens' interior damage was "deliberately discriminatory . . .

because interior damages were paid to other owners." (Arb. Award at 4-5.) The arbitrator awarded the Bradens $6,203.49 in special damages, which reflected the amount they had paid to repair their roof and interior damage. (Id. at 4.) The arbitrator also required the AOAO to contract with a licensed roofing contractor to perform all necessary and reasonable work on the Bradens' lanai roof. (Id. at 6.) The arbitrator denied the Bradens' tort claims, but concluded they were the prevailing parties and awarded them $85,644.30 in attorneys' fees and $8,515.91 in costs.[1] (Id. at 8.)

On April 6, 2015, Dongbu notified the AOAO that, pursuant to the Policy, it would reimburse the AOAO $6,203.49 in special damages and $8,515.91 in costs, but would not pay the attorneys' fees award of $85,644.30. (Plaintiff's Ex. D.) Dongbu explained that "the award of attorney's fees is not covered under the relevant insurance policy because, simply put, attorney's fees do not constitute 'bodily injury,' 'property damage,' or 'personal and advertising injury' as those terms are defined in the policy." (Id.)

In light of Dongbu's position that attorneys' fees are not covered by the Policy, the AOAO filed the instant action, seeking a judgment in the amount of $85,644.30 for the attorneys' fees awarded by the arbitrator, plus prejudgment

---

[1] The state court confirmed the arbitration award on April 17, 2015. (Plaintiff's Ex. C at 2.)

interest. Both parties filed Motions for Summary Judgment.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

In this diversity action, the Court must apply the substantive law of the forum state, Hawaii. Takahashi v. Loomis Armored Car Service, 625 F.2d 314,

316 (9th Cir. 1980).  Under Hawaii law, "insurance policies are subject to the general rules of contract construction; the terms of the policy should be interpreted according to their plain, ordinary, and accepted sense in common speech unless it appears from the policy that a different meaning is intended."  Taylor v. Gov't Employees Ins. Co., 978 P.2d 740, 744 (Haw. 1999) (brackets omitted).  "[E]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy."  Id. (brackets omitted).  Additionally, "because insurance policies are contracts of adhesion and are premised on standard forms prepared by the insurer's attorneys, [Hawaii courts] have long subscribed to the principle that they must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer."  Id. at 745 (brackets omitted).  "Put another way, the rule is that policies are to be construed in accord with the reasonable expectations of a layperson."  Id.

        The Policy terms at issue in this case state that Dongbu "will pay those sums that the [AOAO] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  (Policy at CGL Coverage Form.)  It is undisputed that the AOAO became legally obligated to pay the attorneys' fees award when the state court confirmed the award.  It is also undisputed that the arbitrator found the Bradens suffered property damage due to

leaks in their lanai roof.  Further, it is undisputed that Dongbu reimbursed the AOAO pursuant to the Policy, for special damages and costs awarded by the arbitrator.  In light of that payment, it is clear that the Policy covered the Bradens' property damage and that the damage was "property damage to which this insurance applies."  Consequently, the sole question for this Court to decide is whether the arbitrator's award of attorneys' fees constituted "damages because of . . . [the Bradens'] 'property damage.'"

The Policy does not define the term "damages" and does not expressly state whether attorneys' fees are damages.  Hawaii courts have not addressed the specific issue before this Court, but in other contexts, the Hawaii Supreme Court has acknowledged that attorneys' fees are in the nature of damages.  See Fought & Co. v. Steel Eng'g & Erection, Inc., 951 P.2d 487, 501 (Haw. 1998) (noting that "taxation of costs and attorneys' fees is essentially an award of damages"); Uyemura v. Wick, 551 P.2d 171, 176 (Haw. 1976) (noting that "expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act, and may be recovered as damages").

Absent controlling Hawaii law on this issue, this Court "must use its own best judgment in predicting how the state's highest court would decide the case."  Takahashi, 625 F.2d at 316.  In so doing, "a federal court may be aided by

looking to well-reasoned decisions from other jurisdictions." Id.  Below, the Court reviews cases from other jurisdictions that determined whether attorneys' fees were covered by insurance policies with similar language as the Policy before this Court.

In American Family Mutual Ins. Co. v. Spectre West Builders Corp., which involved identical language as the Policy before this Court, the District of Arizona concluded that attorneys' fees were covered by the insurance policy.  Civ. No. 09-968 PHX-JAT, 2011 WL 488891, at *1 (D. Ariz. Feb. 4, 2011).  In that case, the defendant construction company built a 73-unit condominium complex in Arizona.  Id.  The plaintiff insurance company insured the defendant under a commercial general liability policy.  Id.  After construction was complete, the homeowners' association of the residential complex sought arbitration against the defendant to resolve construction defect issues.  Id.  The arbitrator found the defendant construction company to be liable for construction defects, and awarded damages, attorneys' fees, and costs to the homeowners' association.  Id. at *2.  The arbitration award was confirmed in state court.  Id.

The plaintiff insurance company instituted a declaratory judgment action against its insured (the defendant construction company), arguing that the policy did not cover attorneys' fees awarded by the arbitrator.  Id.  The policy at

issue provided: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Id. at *5. The court noted that the policy defined "'bodily injury' and 'property damage,' but not 'damages'" and that "[t]he issue before the Court is not whether attorneys' fees and costs can be characterized as 'property damage,' but whether they can be characterized as damages that [the defendant construction company] became legally obligated to pay because of property damages." Id. at *8 (emphasis in original).

> Based on the policy language, the Arizona district court ruled:
>
> The Court finds that the insuring language is broad enough to encompass coverage for the Arbitrator's award of attorneys' fees and costs to the Association. The Court already has held that property damage occurred under the policies, and [the defendant construction company] became legally obligated to pay attorneys' fees and costs as a result of that property damage. The Court therefore finds that the attorney's fees and costs awarded at the arbitration are damages that fall under the insuring clause of the policies. Cf. Desert Mountain, 236 P.3d at 436 ("[S]uch costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.").

Id. at *9. Ultimately, the court concluded "as a matter of law that the policies provide coverage for the Arbitrator's award of $300,000 in attorneys' fees," and ordered the insurer to reimburse the fees to the construction company. Id. at *10.

8

In another case with similar policy language, the Northern District of California concluded that attorneys' fees awarded in an underlying action were covered by the insurance policy at issue. APL Co. v. Valley Force Ins. Co., 754 F.2d 1084 (N.D. Cal. 2010). In that case, the plaintiff won a judgment, including attorneys' fees, in an underlying action against an insured of the defendant insurance company. Id. at 1085-86. The plaintiff brought a subsequent lawsuit against the defendant insurance company, seeking coverage of the underlying judgment including fees. Id. at 1094. The policy provided coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' . . . ." Id. at 1090. The court noted that the term "damages" was not defined in the policy and therefore turned to "its ordinary and popular definition": "any remunerative payment made to an aggrieved party, including restitutive and punitive measures." Id. at 1094 (internal quotations omitted). Finding that the "fee award in the underlying litigation is a 'remunerative payment made to an aggrieved party,'" the court concluded that the "attorneys' fees awarded in the underlying litigation fall plainly within the coverage of the policy." Id.

This Court finds the reasoning in the foregoing cases, each with policy language similar to the Policy at issue here, to be persuasive. Dongbu agreed to

"pay those sums that the [AOAO] becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies."  (Policy at CGL Coverage Form.)  The Court finds that (1) the AOAO became legally obligated to pay the attorneys' fee award when the state court confirmed the arbitration award and (2) the Bradens' property damage constitutes "property damage to which this insurance applies" insofar as Dongbu reimbursed the AOAO – pursuant to the Policy – for the special damages awarded by the arbitrator.  Thus, the Court must determine whether the attorneys' fees were "damages because of" the Bradens' property damage.

The terms "damages" and "because of" are not defined in the Policy.  As noted by the APL Co. court, however, the "ordinary and popular definition" of "damages" is "any remunerative payment made to an aggrieved party, including restitutive and punitive measures."  754 F.2d at 1094.  The Hawaii Supreme Court has not defined "because of," but it has defined the synonymous term "arising out of" as "'originating from,' 'having its origin in,' 'growing out of,' or 'flowing from.'"  C. Brewer & Co., Ltd. v. Marine Indem. Ins. Co. of Am., 347 P.3d 163, 166 (Haw. 2015).  Based on these definitions, the attorneys' fees are covered by the Policy if they flowed from the Bradens' property damage and constitute restitutive payment to the Bradens.  This Court finds that the fees award is restitutive payment

to the Bradens and flowed from their property damage; but for their property damage, they would not have pursued arbitration and been awarded fees. Therefore, consistent with the rulings in <u>APL Co.</u> and <u>Am. Family Mutual Ins. Co.</u>, the Court concludes that the arbitrator's award of attorneys' fees is covered by the Policy and must be reimbursed to the AOAO.

    Dongbu argues that the Policy does not cover the fees award because "attorney's fees are not and do not constitute 'bodily injury,' 'property damage' or 'personal and advertising injury' as those terms are defined in the CGL Coverage Form." (Defendant's MSJ at 16-17, 20.) This argument was raised and rejected in <u>Am. Family Mutual Ins. Co.</u>, 2011 WL 488891 at *8: "The issue before the Court is not whether attorneys' fees and costs can be characterized as 'property damage,' but whether they can be characterized as damages that [the insured] became legally obligated to pay <u>because of</u> property damage." 2011 WL 488891 at *8. This Court agrees that the issue is not whether the fee award constitutes property damage, but whether the AOAO became legally obligated to pay the fees as "damages because of . . . property damage."

    Dongbu also argues that the fee award should be considered an "economic loss," which is not "property damage" and, thus, is not covered by

11

standard CGL policies.[2]  (Defendant Opp. at 14-15.)  Dongbu cites <u>HIG v. Blair, Ltd.</u>, 726 P.2d 1310 (Haw. Ct. App. 1986) in support of this argument.  In <u>HIG</u>, a maker of genuine kukui nut leis sued the insured for importing and selling fake kukui nut leis, which allegedly "damaged the value of [its] product line."  726 P.2d at 1313.  The insured tendered defense of this lawsuit to its insurer, which had agreed to "defend any suit against the insured seeking damages on account of . . . property damage."  <u>Id.</u>  The Hawaii Intermediate Court of Appeals affirmed the circuit court's decision that damage to the value of its product line did not constitute "property damage" as defined in the policy and, thus, the claim was not covered and the insurer had no duty to defend its insured.  <u>Id.</u>

        Unlike in <u>HIG</u>, where the court found no property damage, in this case, the Bradens alleged property damage and the arbitrator found that property damage did occur to their residential unit.  The Bradens did not assert a claim for economic loss; rather, they asserted a claim for property damage and the arbitrator awarded special damages to repair their unit, as well as fees and costs.[3]  The award of

---

[2] Notably, the AOAO does not dispute that "economic loss, on its own, does not constitute property damage."  (Plaintiff's Reply at 6.)

[3] To the extent Dongbu argues this Court's ruling will open Pandora's box and allow for inappropriate damages to be covered merely because they may be related to property damage, the Court disagrees.  Punitive damages are specifically excluded from insurance coverage by statute, Haw. Stat. § 431:10-240, and courts control the types of damages awarded in a given case based on precedential case law.

attorneys' fees flowed from the Bradens' property damage and were restitutive payment to the Bradens.

In sum, the Court concludes that the arbitrator's award of attorneys' fees is covered by the Policy and, therefore, Dongbu shall reimburse the AOAO for the fee award. The AOAO also moves for prejudgment interest and Dongbu does not challenge this request. The Court therefore awards prejudgment interest pursuant to Haw. Rev. Stat. §§ 478-2 and 636-16, from the date of the arbitration award to the date of this order. Accordingly, judgment shall be entered in favor of the AOAO and against Dongbu in the amount of $85,644.30 (representing the arbitrator's attorneys' fee award) plus prejudgment interest.

## CONCLUSION

For the foregoing reasons, the Court the Court GRANTS the AOAO's Motion for Summary Judgment (Doc. 15) and DENIES Dongbu's Motion for Summary Judgment (Doc. 17). The Clerk of Court is directed to enter judgment in favor of the AOAO and against Dongbu in the amount of $85,644.30 plus prejudgment interest.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 18, 2016.



/s/
_____
Barry M. Kurren
United States Magistrate Judge

AOAO of the Moorings, Inc. v. Dongbu Ins. Co., Ltd., CIV. NO. 15-00497 BMK, ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.